OPINION
{¶ 1} Defendant-appellant Shawn McGuire appeals the August 29, 2005 Judgment Entry of the Fairfield County Court of Common Pleas denying his petition to vacate or set aside his sentence. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE {¶ 2} On June 19, 2001, appellant entered a plea of guilty to one count of involuntary manslaughter, in violation of R.C.2903.04(A), with a firearm specification, in violation of R.C.2941.145, and one count of tampering with evidence, in violation of R.C. 2921.12. Via Judgment Entry of June 21, 2001, the trial court sentenced appellant to nine years on the involuntary manslaughter count, three years for the firearm specification, and four years on the tampering with evidence charge. The trial court ordered appellant's sentences served consecutively. The trial court specifically found the shortest prison term would demean the seriousness of the appellant's conduct. The trial court further found consecutive sentences were necessary to protect the public from future crime or to punish the appellant, and were not disproportionate to the seriousness of appellant's conduct and the danger appellant posed to the public.
 {¶ 3} On August 9, 2005, appellant filed a petition to vacate or set aside judgment of sentence. Via Judgment Entry of August 29, 2005, the trial court denied appellant's petition.
 {¶ 4} Appellant now appeals, assigning as error:
 {¶ 5} "I. THE TRIAL COURT ERRORED[SIC] WHEN IT FAILED TO VACATE OR SET ASIDE JUDGMENT OF SENTENCE WHEN IT FAILED TO RECOGNIZE OR HONOR THE LAW SET FORTH BY THE UNITED STATES SUPREME COURT. IN VIOLATION OF OF [SIC] THE 6TH AMENDMENT OF THE U.S. CONSTITUTION.
 {¶ 6} "II. THE TRIAL COURT ERRORED[SIC] WHEN IT FAILED TO RECOGNIZE AND HONOR OHIO REVISED CODE SECTION 2953.23(A)(1)(B) WHEN APPELLANT ASSERTED A NEW CONSTITUTIONAL RIGHT IN LIGHT OF BLAKELY AND BOOKER. IN VIOLATION OF THE SIXTH ANDFOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTIONS 5, 10, AND 16 OF ART. I OF THE OHIO CONSTITUTION."
 I II {¶ 7} Appellant's assignments of error raise common and interrelated issues; therefore, we will address the assignments together.
 {¶ 8} Appellant argues the trial court erred in failing to vacate or set aside his sentence pursuant to Blakely v.Washington (2004), 542 U.S. 296.
 {¶ 9} Appellant raises the Blakely issue for the first time in his petition to vacate or set aside judgment of sentence. This Court as well as numerous other state and federal courts have found Blakely does not apply retroactively to cases already final on direct review. State v. Craig, Licking App. No. 2005CA16, 2005-Ohio-5300; See, also, State v. Myers, Franklin App. No. 05AP-228, 2005-Ohio-5998 (concluding Blakely does not apply retroactively to cases seeking collateral review of a conviction); State v. Cruse, Franklin App. No. 05AP-125, 2005-Ohio-5095; State v. Stillman, Fairfield App. No. 2005-CA-55, 2005-Ohio-6299 (concluding U.S. Supreme Court did not make Blakely retroactive to cases already final on direct review); In re Dean (C.A.11, 2004), 375 F.3d 1287; Cuevas v.Derosa (C.A.1, 2004), 386 F.3d 367; United States v. Stoltz
(D.Minn. 2004), 325 F.Supp.2d 982; United States v. Stancell
(D.D.C. 2004), 346 F.Supp.2d 204; United States v. Traeger
(N.D.Ill. 2004), 325 F.Supp.2d 860. Therefore, we find appellants' argument based upon Blakely unpersuasive as this sentencing issue is not being raised on direct review.
 {¶ 10} We overrule both of appellants' assignments of error.
 {¶ 11} The judgment of Fairfield County Court of Common Pleas is affirmed.
Hoffman, J. Wise, P.J. and Gwin, J. concur
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, the August 29, 2005 Judgment Entry of the Fairfield County Court of Common Pleas is affirmed. Costs assessed to appellant.