[Cite as *State v. Massey*, 2015-Ohio-5193.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 15 CAA 05 0043 |
| | : | |
| RAY S. MASSEY | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Delaware County Court
of Common Pleas, Case No. 07CR I 12
0682



JUDGMENT:                    AFFIRMED



DATE OF JUDGMENT ENTRY:      December 10, 2015




APPEARANCES:

For Plaintiff-Appellee:                For Defendant-Appellant:

CAROL HAMILTON O'BRIEN                 RAY S. MASSEY, PRO SE
DELAWARE COUNTY PROSECUTOR             Inmate # 577-057
                                       C.C.I.
MARK C. SLEEPER                        P.O. Box 5500
140 North Sandusky Street              Chillicothe, OH 45601
Delaware, Ohio 43015

*Delaney, J.*

{¶1}    Defendant-Appellant Ray S. Massey appeals the April 28, 2015 judgment entry of the Delaware County Court of Common Pleas.

**FACTS AND PROCEDURAL HISTORY**

{¶2}    On February 20, 2008, Defendant-Appellant Ray S. Massey entered guilty pleas to robbery, kidnapping, and a firearm specification. The trial court conducted a sentencing hearing on April 14, 2008. At the hearing, the trial court informed Massey as to post-release control. The trial court stated:

> You also upon release from prison will be subject to 5 years of Post Release
>
> Control, and as I indicated to you – well, I'm sorry, 3 years Post Release Control,
>
> mandatory 3 years * * *

(Tr., p. 30). The trial court sentenced Massey to prison for an aggregate term of ten years: five years for robbery, four years for kidnapping, and one year for the firearm specification.

{¶3}    The sentencing entry was filed on April 15, 2008. It stated as to post-release control, "The Defendant shall serve as part of this sentence after prison release, three years of post-release control."

{¶4}    Massey did not file a direct appeal of his conviction or sentence.

{¶5}    The trial court issued a nunc pro tunc sentencing entry on December 18, 2009. The nunc pro tunc sentencing entry stated as to post-release control, "The Defendant shall serve as part of this sentence after prison release, three years of post-release control."

{¶6}    On April 6, 2015, Massey filed a Motion for Re-Sentencing Based on Void Judgment. He argued his sentence was void because the sentencing entry did not state

that Massey was sentenced to "three years *mandatory* post-release control." He also argued the trial court failed to notify him that he could be ordered to perform community service if he failed to pay court costs. The State responded to the motion, arguing while the trial court did not use the word "mandatory" to describe the post-release control, the trial court's use of the word "shall" is to be construed as meaning "mandatory." The State further argued court-ordered community service was not applicable to Massey because the trial court sentenced Massey to prison and did not impose community control or other nonresidential sanction.

{¶7}   On April 28, 2015, the trial court denied Massey's motion for resentencing.

{¶8}   It is from this judgment Massey now appeals.

## ASSIGNMENTS OF ERROR

{¶9}   Massey raises three Assignments of Error:

{¶10} "I. The trial court erred as a matter of law, and abused its discretion, when it failed to Re-Sentence Defendant-Appellant as Statutorily Required, when the Trial Court misadvised, at either the Sentencing hearing or in the Sentencing Entry or both, that Post-Release Control was discretionary, where Post-Release Control was Mandatory, and failed to notify the Defendant-Appellant to Post-Release Control as to each Count, as to Counts Two (2), and as to the Firearm Specification attached to Counts Two (2) with respect to each Count, each Counts were felonies of the Second degree (F-2's).

{¶11} "II. The Trial Court erred as a matter of law, and abused its discretion when it failed to Re-Sentence Defendant-Appellant, when the Trial Court failed to comply with R.C. 2947.23(A)(1)(a), when the Trial Court failed to notify the Defendant-Appellant at 'Sentencing' entered on April 15th, 2008 that failure to pay Court costs, and appointed

Counsel costs could result in the Trial Court Ordering the Defendant-Appellant to perform Community Service "until the Judgment is paid or until the Court is satisfied that the Defendant-Appellant is in compliance with the approved schedule." See R.C. 2947.23(A)(1)(a).

{¶12} "III. Trial counsel provided ineffective assistance, in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Section 10, Article I of the Ohio Constitution, for failing to Object to the Trial Court's imposition of Court costs, and appointed Counsel costs as the Trial Court did not notify Defendant-Appellant Mr. Massey that his failure to pay any and all Costs may result in the Court ordering the Defendant-Appellant to perform Community Service 'until the Judgment is paid or until the Court is satisfied that Defendant-Appellant is in compliance with the approved schedule.' See R.C. 2947.23(A)(1)(a)."

## ANALYSIS

### I. Mandatory Term of Post-Release Control

{¶13} Massey argues in his first Assignment of Error that the trial court erred when it denied his motion for resentencing as to post-release control. We disagree.

{¶14} Massey was convicted and sentenced for Robbery, a felony of the second degree in violation of R.C. 2911.02(A)(1), and Kidnapping, a felony of the second degree in violation of R.C. 2905.01(A)(2). Pursuant to R.C. 2967.28(B)(1), "[u]nless reduced by the parole board pursuant to division (D) of this section when authorized under that division, a period of post-release control required by this division for an offender shall be of one of the following periods: * * * (2) For a felony of the second degree that is not a felony sex offense, three years; * * *."

{¶15} The trial court stated in its sentencing entry that Massey "*shall* serve as part of this sentence after prison release, three years of post-release control." (Emphasis added.) Massey argues his sentence is void as to post-release control because the trial court failed to use the word "mandatory" to describe the term of post-release control. Massey states the trial court did not notify him that post-release control was mandatory for three years.

{¶16} The Ohio Supreme Court has held that in statutory construction, "[t]he word 'shall' is usually interpreted to make the provision in which it is contained mandatory (*Dennison v. Dennison*, supra), especially if frequently repeated (*Cleveland Ry. Co. v. Brescia* (1919), 100 Ohio St. 267, 126 N.E. 51)." *Dorrian v. Scioto Conservancy Dist.*, 27 Ohio St.2d 102, 107, 271 N.E.2d 834, 837 (1971). In this case, the trial court used the word "shall" to express a command as to the term of post-release control. The word "shall" is also found in R.C. 2967.28(B)(1) to express a command as to the term of post-release control applicable to the different degrees of felonies. The use of the word "shall" makes the provision in which it is contained mandatory. Therefore, the trial court's use of the word "shall" makes the three-year term of the post-release control mandatory.

{¶17} The sentencing entry in this case can be differentiated from those cases where the trial court improperly sentences the defendant to a mandatory term of post-release control by using the words, "up to." In those cases, there is no dispute that when a trial court notifies a defendant that "post release control is mandatory in this case up to a maximum of five (5) years," the trial court has failed to properly notify the defendant that his post-release control was mandatory for a term of five years under R.C. 2967.28(B)(1).

*State v. Green*, 5th Dist. Stark No. 2010CA00198, 2011–Ohio–1636; *State v. Patterson*, 5th Dist. Stark No. 2015-Ohio-1714, ¶ 16.

{¶18} In this case, the trial court properly notified Massey he would serve a mandatory term of three years post-release control.

{¶19} Massey's first Assignment of Error is overruled.

## II. Notification of Community Service

{¶20} Massey argues in his second Assignment of Error that the trial court failed to notify him that if he failed to pay mandatory costs, he would be required to complete community service.

{¶21} The sentencing entry stated, "The Court finds the Defendant is able to work and is therefore Ordered to pay all prosecution costs, court appointed counsel costs and any fees permitted pursuant to R.C. 2929.18(A)(4), for which all sums, judgment is hereby rendered. The Defendant may pay in monthly installments." The transcript of the sentencing hearing is silent as to costs.

{¶22} This issue is governed by R.C. 2947.23. The State argues that under R.C. 2947.23, the trial court was not required to notify Massey of the consequences for failure to pay mandatory costs because the trial court did not impose a community control sanction or other nonresidential sanction. The current version of R.C. 2947.23 states:

(A)(1)(a) In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution, including any costs under section 2947.231 of the Revised Code, and render a judgment against the defendant for such costs. If the judge or magistrate imposes a community control sanction or other nonresidential

sanction, the judge or magistrate, when imposing the sanction, shall notify the defendant of both of the following:

(i) If the defendant fails to pay that judgment or fails to timely make payments towards that judgment under a payment schedule approved by the court, the court may order the defendant to perform community service until the judgment is paid or until the court is satisfied that the defendant is in compliance with the approved payment schedule.

(ii) If the court orders the defendant to perform the community service, the defendant will receive credit upon the judgment at the specified hourly credit rate per hour of community service performed, and each hour of community service performed will reduce the judgment by that amount.

(b) The failure of a judge or magistrate to notify the defendant pursuant to division (A)(1)(a) of this section does not negate or limit the authority of the court to order the defendant to perform community service if the defendant fails to pay the judgment described in that division or to timely make payments toward that judgment under an approved payment plan.

{¶23} Massey was originally sentenced on April 15, 2008. The version of R.C. 2947.23 in effect at the time of his sentencing was S.B. 71, effective May 18, 2005. The earlier version of R.C. 2947.23 stated:

(A)(1) In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution and render a judgment against the defendant for such costs. At the time the judge or

magistrate imposes sentence, the judge or magistrate shall notify the defendant of both of the following:

(a) If the defendant fails to pay that judgment or fails to timely make payments towards that judgment under a payment schedule approved by the court, the court may order the defendant to perform community service in an amount of not more than forty hours per month until the judgment is paid or until the court is satisfied that the defendant is in compliance with the approved payment schedule.

(b) If the court orders the defendant to perform the community service, the defendant will receive credit upon the judgment at the specified hourly credit rate per hour of community service performed, and each hour of community service performed will reduce the judgment by that amount.

{¶24} In the sentencing entry, the trial court did not inform Massey that failure to pay mandatory court costs could result in the trial court ordering him to perform community service. The sentencing transcript is also silent to this issue. However, Massey did not file a direct appeal of this issue. The failure to raise this issue in a direct appeal bars the issue pursuant to res judicata:

At the time of appellant's sentencing, R.C. 2947.23(A)(1) required a trial court to notify the defendant that failure to pay mandatory court costs could result in the trial court ordering the defendant to perform community service. This court has held that under this version of the statute, the remedy for failing to provide the community-service notification is to vacate the imposition of costs and remand the case for the proper notification. *State v.*

*Weathers*, 12th Dist. Butler No. CA2012–02–036, 2013–Ohio–1104, ¶ 25. However, "res judicata bars a defendant from arguing that he is entitled to resentencing for not being informed of the possibility of community service if that defendant did not raise the issue on direct appeal." *State v. Graham*, 12th Dist. Warren No. CA2014–04–062, 2015–Ohio–576, ¶ citing *State v. Collins*, 12th Dist. Warren No. CA2012–11–115, 2013–Ohio–3485. Res judicata bars a defendant from making this argument for resentencing because a failure to advise of court costs does not render the sentence void but is instead only reversible error. *Id.* at ¶ 14.

*State v. Berrien*, 12th Dist. Clinton No. CA2015-02-004, 2015-Ohio-4450, ¶ 10. *See also State v. Chapman*, 5th Dist. Richland No. 15CA20, 2015-Ohio-3114.

{¶25} The Ohio Supreme Court has held that "[t]he civil nature of the imposition of court costs does not create the taint on the criminal sentence that the failure to inform a defendant of postrelease control does." *State v. Chapman*, 2015-Ohio-3114 at ¶ 11 quoting *State v. Joseph*, 125 Ohio St.3d 76, 79, 2010–Ohio–954, 926 N.E.2d 278, 282, ¶ 21 (2010). Therefore, the failure of the court to notify a defendant of the obligation to pay costs so that he may move for a waiver of costs may be error cognizable on direct appeal, but it does not render the sentence void. *Id.*

{¶26} Massey did not raise this argument on direct appeal and he is therefore barred from raising it now pursuant to the doctrine of res judicata. Massey's second Assignment of Error is overruled.

### III. Ineffective Assistance of Counsel

{¶27} Massey argues in his third Assignment of Error that he was provided with ineffective assistance of trial counsel for failure to object to the trial court's imposition of costs. We disagree.

{¶28} To succeed on a claim of ineffectiveness, a defendant must satisfy a two-prong test. Initially, a defendant must show that trial counsel acted incompetently. *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In assessing such claims, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " *Id.* at 689, citing *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158, 100 L.Ed. 83 (1955).

{¶29} "There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." *Strickland*, 466 U.S. at 689. The question is whether counsel acted "outside the wide range of professionally competent assistance." *Id.* at 690.

{¶30} Even if a defendant shows that counsel was incompetent, the defendant must then satisfy the second prong of the *Strickland* test. Under this "actual prejudice" prong, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

{¶31} Massey argues his trial counsel was ineffective for counsel's failure to raise the issue of notification of community service at the trial level. As discussed above, the

failure of the trial court to notify Massey of the consequences of the failure to pay costs could have been raised on direct appeal. Massey did not file a direct appeal. Accordingly, we find Massey has not met his burden to demonstrate ineffective assistance of trial counsel for the trial court's failure to notify Massey as to mandatory costs.

{¶32} Massey's third Assignment of Error is overruled.

## CONCLUSION

{¶33} Massey's three Assignments of Error are overruled.

{¶34} The judgment of the Delaware County Court of Common Pleas is affirmed.

By: Delaney, J.,

Wise, P.J. and

Baldwin, J., concur.