[Cite as *State v. Bolden*, 2018-Ohio-2684.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| | | JUDGES: |
| STATE OF OHIO | : | Hon. John W. Wise, P.J. |
| | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 17-CA-51 |
| KENNETH E. BOLDEN | : | |
| | : | |
| Defendant-Appellant | : | OPINION |


CHARACTER OF PROCEEDING:  Criminal appeal from the Fairfield County
                Court of Common Pleas, Case No. 2001-
                CR-00351

JUDGMENT:         Reversed and Remanded


DATE OF JUDGMENT ENTRY:  July 9, 2018


APPEARANCES:

For Plaintiff-Appellee       For Defendant-Appellant

R. KYLE WITT         STEPHEN HARDWICK
Prosecuting Attorney       250 E. Broad St., Suite 1400
BRIAN WALTZ         Columbus, OH 43215
Assistant Prosecuting Attorney
239 West Main Street, Ste. 101
Lancaster, OH 43130

*Gwin, J.*

{¶1} Defendant-appellant Kenneth E. Bolden ["Bolden"] appeals the November 14, 2017, Judgment Entry of the Fairfield County Court of Common Pleas that overruled his motion to vacate postrelease control.

*Facts and Procedural History*

{¶2} On March 8, 2002, Bolden pleaded guilty to felonious assault, R.C. 2903.11(A)(2), a second-degree felony, and aggravated robbery, R.C. 2911.03(A)(1), a first-degree felony.

{¶3} During the plea colloquy, the trial court told Mr. Bolden that he faced "up to" five years on post-release control if sent to prison for the offenses,

> If you were sentenced to prison and you were released ultimately, they could keep you on post-release control, commonly referred to as parole. And that could be for a period up to five years in this case.

T. March 8, 2002 at 10. After accepting the plea, the trial court proceeded immediately to sentencing. At the sentencing portion of the hearing, the trial court sentenced Bolden to eight years in prison for felonious assault and a consecutive term of three years for aggravated robbery. The trial court made no mention of post-release control during the sentencing portion of the hearing. The trial court's Judgment Entry stated, "post-release control is mandatory in this case up to a maximum of 5 years." Judgment Entry of Sentence, filed Mar. 15, 2002.

{¶4} Bolden completed his prison term on July 23, 2017. On October 18, 2017, he filed a motion to vacate his post-release control, which the trial court denied on November 14, 2017.

*Assignment of Error*

**{¶5}** Bolden raises one assignment of error,

**{¶6}** "I. THE TRIAL COURT ERRED BY FAILING TO VACATE MR. BOLDEN'S POST-RELEASE CONTROL. R.C. 2967.28(B)(1).

*Law and Analysis.*

**{¶7}** Bolden argues the trial court erred when it denied his motion to vacate his post-release controls.

**{¶8}** It is settled that "a trial court has a statutory duty to provide notice of post-release control at the sentencing hearing" and that "any sentence imposed without such notification is contrary to law." *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, ¶ 23. Concomitantly, because a court is generally said to speak only through its journal, the trial court is "required to incorporate that notice into its journal entry imposing sentence." Id. at ¶ 17. *State v. Grimes,* 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, ¶7. In *Grimes,* the Ohio Supreme Court held,

> To validly impose post-release control when the court orally provides all the required advisements at the sentencing hearing, the sentencing entry must contain the following information: (1) whether post-release control is discretionary or mandatory, (2) the duration of the post-release-control period, and (3) a statement to the effect that the Adult Parole Authority ("APA") will administer the post-release control pursuant to R.C. 2967.28 and that any violation by the offender of the conditions of post-release control will subject the offender to the consequences set forth in that statute.

151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, ¶1.

{¶9} Both in open court and in the judgment entry of sentence, the trial court failed to correctly impose post-release control. Bolden was convicted of aggravated robbery, a first-degree felony that requires a mandatory five-year term of post-release control. As such, the trial court was required to state—both at the sentencing hearing and in the judgment entry —that it was imposing a term of post-release control that was mandatory for five years. However, in open court, the trial court told Bolden that the Parole Board "could" put him on post-release control "for a period up to five years [.] " Likewise, the judgment entry stated that "the Court further notified the Defendant that post release control is mandatory in this case up to a maximum of 5 years [.]."

{¶10} This Court has specifically held that imposing "up to" five years of post-release control fails to properly impose a mandatory term,

> [T] here is no dispute that when a trial court notifies a defendant that
> 'post release control is mandatory in this case up to a maximum of five (5)
> years," the trial court has failed to properly notify the defendant that his post-
> release control was mandatory for a term of five years under R.C.
> 2967.28(B)(1).

*State v. Massey*, 5th Dist. Delaware No. 15 CAA 05 0043, 2015-Ohio-5193, ¶ 17, *citing State v. Green*, 5th Dist. Stark No. 2010CA00198, 2011-Ohio-1636; and *State v. Patterson,* 5th Dist. Stark No. 2014CA00220, 2014CA00220, 2015-0hio4714, ¶ 16.

{¶11} Generally, when post-release control has been invalidly imposed, the trial court can resentence the defendant to correct the error. *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961; *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718. However, when a defendant completed the prison term for the

underlying offense, the defendant cannot be resentenced to correct post-release control sentencing errors. *Qualls at* ¶16 ("unless a sentencing entry that did not include notification of the imposition of post-release control is corrected before the defendant completed the prison term for the offense for which post-release control was to be imposed, post-release control cannot be imposed"), *citing Hernandez v. Kelly*, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301, ¶28-30. Here, Bolden has completed the prison term in this case, so he may not be resentenced to correct the errors.

{¶12} The state agrees that Bolden was never advised that post-release control was mandatory in his case. The state agrees therefore, that the trial court must vacate Bolden's post-release control.

{¶13} Bolden's sole assignment of error is sustained.

{¶14} The judgment of the Fairfield County Court of Common Pleas is reversed and this case is remanded to the trial court for proceedings in accordance with the law and our opinion.

By Gwin, J.,

Wise, John, J., and

Delaney, J., concur