[Cite as *State v. McGuire*, 2018-Ohio-4676.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. John W. Wise, P. J. |
| Plaintiff-Appellant | Hon. William B. Hoffman, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 18 CA 10 |
| SHAWN L. MCGUIRE | |
| Defendant-Appellee | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common
                             Pleas, Case No. 2000 CR 00313


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      November 19, 2018


APPEARANCES:

For Plaintiff-Appellant                 For Defendant-Appellee

R. KYLE WITT                            ALLEN VENDER
PROSECUTING ATTORNEY                    ASSISTANT PUBLIC DEFENDER
DARCY T. COOK                           250 East Broad Street
ASSISTANT PROSECUTOR                    Suite 1400
239 West Main Street, Suite 101         Columbus, Ohio  43215
Lancaster, Ohio  43130

*Wise, John, P. J.*

{¶1} Appellant State of Ohio appeals the decision of the Court of Common Pleas, Fairfield County, which vacated post-release control sanctions against Appellee Shawn L. McGuire. The relevant procedural facts leading to this appeal are as follows.

{¶2} On December 21, 2000, the Fairfield County Grand Jury indicted Appellee McGuire on one count of murder (R.C. 2903.02), one count of involuntary manslaughter (R.C. 2903.04), one count of reckless homicide (R.C. 2903.041), one count of tampering with evidence (R.C. 2921.12), and one count of aggravated murder (R.C. 2903.01). Each of the aforesaid counts, with the exception of tampering with evidence, included a three-year gun specification.

{¶3} On June 19, 2001, pursuant to a plea agreement, appellee pled guilty (as to Count 1) to an amended count of involuntary manslaughter, R.C. 2903.04(A), a felony of the first degree, with a three-year gun specification, and one count of tampering with evidence, R.C. 2921.12, a felony of the third degree, as charged in Count 4.

{¶4} The trial court thereupon sentenced appellee to nine years in prison on Count 1, three years in prison for the firearm specification, and four years in prison on Count 4. The court ordered the terms to run consecutively. However, the court's sentencing entry did not impose or mention post-release control ("PRC").

{¶5} In January 2005, appellee attempted to pursue a delayed appeal to this Court. However, we denied his motion for a delayed appeal via a judgment entry issued on February 11, 2005. *See* Docket Entry 65.

{¶6} On August 9, 2005, appellee filed a *pro se* post-conviction petition to "vacate or set aside judgment of sentence," therein citing *Blakely v. Washington*, 542 U.S. 296,

124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) and *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). However, via a judgment entry issued August 29, 2005, the trial court denied appellant's petition.

**{¶7}** Appellee (then proceeding as the appellant) thereupon filed a *pro se* appeal of the aforesaid ruling to this Court. On March 22, 2006, we affirmed the trial court's decision. *See State v. McGuire*, 5th Dist. Fairfield No. 05-CA-89, 2006-Ohio-1466.

**{¶8}** On June 5, 2006, appellee, again proceeding *pro se*, filed a combined "petition to reconsider" and "petition to vacate," citing *State v. Foster,* 109 Ohio St.3d 1, 2006–Ohio–856, 845 N.E.2d 470.[1]

**{¶9}** The trial court denied same via a judgment entry on June 15, 2006.

**{¶10}** On July 9, 2008, the trial court's assignment commissioner issued a notice setting the case for a re-sentencing hearing on August 28, 2008. Appellee, with the assistance of counsel, filed a memorandum in opposition to resentencing August 27, 2008, noting *inter alia* that the 2001 sentence did not include a PRC provision, and arguing that *res judicata* should apply against the State.

**{¶11}** The resentencing hearing was then re-scheduled for October 27, 2008. In the meantime, appellee's counsel had withdrawn, but appellee appeared at the hearing with court-appointed counsel.

**{¶12}** The trial court issued a judgment entry on October 30, 2008, stating as follows in pertinent part:

---

[1]  In *Foster*, the Ohio Supreme Court held *inter alia* that portions of R.C. 2929.14 and 2929.19 were unconstitutional because they required judicial fact-finding before imposition of a sentence greater than the maximum term authorized by a jury verdict or admission of the defendant. *See Foster* at paragraph one of the syllabus.

The Court further notified the Defendant that *post-release control is mandatory in this case up to a maximum of 5 years*, as well as the consequences for violating conditions of post-release control imposed by the Parole Board. The Court further notified the Defendant of all the items contained in Ohio Revised code 2929.19(B)(3)(c), (d), (e), and (f). The Court further notified the Defendant that if a period of supervision by the Parole Board is imposed following the Defendant's release from prison and if the Defendant violates that supervision, or conditions of post-release control, that the Parole Board may impose a prison term as part of the sentence of up to one-half of the stated prison term originally imposed upon the Defendant. The Defendant is ordered to serve as part of his sentence any term of post-release control imposed by the Parole Board and any prison term for violation of that post-release control.

**{¶13}** Resentencing Entry at 2, emphasis added.

**{¶14}** On December 6, 2012, appellee filed a pro se "motion for clarification and/or for reconsideration," asking the court to review his fines and costs. The trial court overruled said motion on January 9, 2013.

**{¶15}** On July 20, 2016, while appellee was still in prison, a hearing was held by ODRC to determine appellee's post-release control. The Adult Parole Authority ("APA") directed that appellee's mandatory PRC would begin on December 7, 2016, that it would be 1825 days (five years) in duration, and that he was not eligible for a reduction. Notice of post-release control was also sent to the statutory victim on October 13, 2016.

**{¶16}** Appellee was released on December 7, 2016, although he was apparently arrested on other charges in May 2017. He was thereafter incarcerated as a county jail parolee beginning on December 29, 2017.

**{¶17}** On January 29, 2018, appellee filed a motion in the trial court to vacate his PRC, claiming that he was not properly put on notice because the aforementioned sentencing entry of October 30, 2008 used the wording "mandatory *** up to a maximum of 5 years ***."

**{¶18}** On February 23, 2018, the State filed a memorandum contra.

**{¶19}** On the same day, the trial court issued a judgment entry granting appellee's motion to vacate his PRC, finding it had not been properly imposed and "was thus void." Judgment Entry, February 23, 2018, at 1.[2]

**{¶20}** On March 23, 2018, the State of Ohio filed a notice of appeal and a request for leave to appeal.[3] We granted leave on April 12, 2018. The State herein raises the following three Assignments of Error:

**{¶21}** "I. THE TRIAL COURT ERRED WHEN IT VACATED APPELLEE'S POSTRELEASE CONTROL BECAUSE THE ENTRY PROVIDED PROPER NOTICE BY REFERENCING THE STATUTE.

**{¶22}** "II. THE TRIAL COURT ERRED WHEN IT VACATED THE POSTRELEASE CONTROL PORTION OF APPELLEE'S SENTENCE BECAUSE THIS ENTRY

---

[2] Appellant State of Ohio has failed to include or attach with its brief a copy of the judgment entry under appeal. *See* Loc.App.R. 9(A). We have nonetheless reviewed the original document in the record.

[3] *See State v. Crawford,* 5th Dist. Richland No. 07 CA 8, 2007–Ohio–3516.

INCLUDED ENOUGH INFORMATION TO PUT THE APPELLEE ON NOTICE SO THAT THE MOTION WAS BARRED BY RES JUDICATA.

**{¶23}** "III. THE TRIAL COURT ERRED WHEN IT VACATED THE POSTRELEASE CONTROL PORTION OF APPELLEE'S SENTENCE BECAUSE HE RECEIVED SUFFICIENT NOTICE, AND THE FACT THAT APPELLEE WAITED UNTIL AFTER HE WAS RELEASED FROM PRISON TO CHALLENGE HIS NEARLY 10-YEAR OLD RESENTENCING ENTRY INDICATES BAD FAITH AND HE SHOULD NOT RECEIVE A BENEFIT BY DELAYING HIS CHALLENGE UNTIL AFTER HE WAS RELEASED FROM PRISON."

I.

**{¶24}** In its First Assignment of Error, Appellant State of Ohio contends the trial court erred in vacating Appellee McGuire's post-release control sanction, where the 2008 sentencing entry had referenced the pertinent statute. We disagree.

**{¶25}** A trial court is required to give notice of post-release control both at the sentencing hearing and by incorporating it into the sentencing entry. *State v. Provens*, 5th Dist. Stark No. 2011CA00089, 2011-Ohio-5197, ¶ 13, citing *State v. Jordan,* 104 Ohio St.3d 21, 2004–Ohio–6085, 817 N.E.2d 864, paragraph one of the syllabus. In *State v. Fischer,* 128 Ohio St.3d 92, 2010–Ohio–6238, the Ohio Supreme Court held in pertinent part that "[a] sentence that does not include the statutorily mandated term of post-release control is void *** and may be reviewed at any time, on direct appeal or by collateral attack." *Id.,* at paragraph one of the syllabus.

**{¶26}** R.C. 2967.28(B) states in pertinent part as follows: "Each sentence to a prison term for a felony of the first degree, for a felony of the second degree, for a felony

sex offense, or for a felony of the third degree that is an offense of violence and is not a felony sex offense shall include a requirement that the offender be subject to a period of post-release control imposed by the parole board after the offender's release from imprisonment. *** Unless reduced by the parole board pursuant to division (D) of this section when authorized under that division, a period of post-release control required by this division for an offender shall be of one of the following periods: (1) For a felony of the first degree or for a felony sex offense, five years ***."

**{¶27}** This Court has consistently held that a trial court's use of the language "up to" five years of PRC does not properly impose a mandatory term under R.C. 2967.28(B)(1). *See State v. Bolden*, 5th Dist. Fairfield No. 17-CA-51, 2018-Ohio-2684, ¶ 10, citing *State v. Massey*, 5th Dist. Delaware No. 15 CAA 05 0043, 2015-Ohio-5193, ¶ 17 (additional citations omitted).

**{¶28}** Nonetheless, the State contends that under the Ohio Supreme Court's decision in *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, the notification in the case *sub judice*, along with the reference to portions of R.C. 2929.19(B), was sufficient. In *Grimes*, the Court stated: "We hold that to validly impose postrelease control when the court orally provides all the required advisements at the sentencing hearing, the sentencing entry must contain the following information: (1) whether postrelease control is discretionary or mandatory, (2) the duration of the postrelease-control period, and (3) a statement to the effect that the Adult Parole Authority ("APA") will administer the postrelease control pursuant to R.C. 2967.28 and that any violation by the offender of the conditions of postrelease control will subject the offender to the consequences set forth in that statute." *Id.* at ¶ 1.

{¶29} Notably, the original focus in *Grimes* was the fact that the sentencing entry in that instance did not properly incorporate a notification that a violation of postrelease control could result in an APA-imposed prison term of up to one-half of the defendant's original sentence. *See Grimes* at ¶ 12. In that vein, the Ohio Supreme Court concluded "that to validly impose postrelease control, a minimally compliant entry must provide the APA the information it needs to execute the postrelease-control portion of the sentence." *Id.* at ¶ 13.

{¶30} However, in *Grimes*, the sentencing entry at issue included the statement that the trial court had "further notified the Defendant that 'Post Release Control' is mandatory in this case for three (03) years * * *." *See Grimes* at ¶ 2 (bold type and underlining omitted). In addition, it was undisputed in that case that the trial court had "properly advised *Grimes* at the sentencing hearing of his postrelease-control obligations and the consequences of violating a condition of postrelease control." *Id.* Thus, the type of "up to" language at issue in the case *sub judice* was not a factor in *Grimes*.

{¶31} We also note the Ohio Supreme Court stated the following caveat regarding *Grimes*: "Our holding is limited to those cases in which the trial court makes the proper advisements to the offender *at the sentencing hearing*. We reach no conclusion as to the requirements for sentencing entries in cases in which notice at the sentencing hearing was deficient." *Grimes* at ¶ 20 (emphasis added). The appellate record in the case *sub judice* does not provide us with a transcript of the October 27, 2008 resentencing of appellee. "It is an appellant's duty to ensure that the record contains all that is necessary for the reviewing court to determine the appeal." *Glemaud v. MetroHealth Systems*, 8th Dist. Cuyahoga No. 106148, 2018-Ohio-4024, f.n. 1. Therefore, even if *Grimes* were

directly on point, because we cannot ascertain exactly what the trial court recited at appellee's resentencing hearing in 2008, we cannot be confident that the *Grimes* holding is applicable to the case *sub judice*, as urged by the State.

**{¶32}** Accordingly, we find no error by the trial court in vacating appellee's PRC as presently asserted by the State. The First Assignment of Error is therefore overruled.

II.

**{¶33}** In its Second Assignment of Error, the State of Ohio contends the trial court erred when it vacated the post-release control portion of appellee's sentence, arguing the 2008 entry included enough information to put the appellee on notice of PRC, so that his 2018 motion to vacate PRC was barred by *res judicata*. We disagree.

**{¶34}** As indicated *supra*, we have stated that a trial court's notification to a defendant that post-release control is mandatory "up to a maximum of five (5) years" constitutes a failure to properly notify such defendant that his post-release control was mandatory for five years under R.C. 2967.28(B)(1). *See State v. Patterson*, 5th Dist. Stark No. 2014CA00220, 2015-Ohio-1714, ¶ 16; *State v. Green*, 5th Dist. Stark No. 2010CA00198, 2011-Ohio-1636, ¶ 16.

**{¶35}** The State nonetheless directs us to the Ohio Supreme Court's decision in *Watkins v. Collins*, 111 Ohio St.3d 425, 2006-Ohio-5082, urging that the issue therein "was very similar to the issue" in the case *sub judice*. Brief of Appellant State of Ohio at 9.

**{¶36}** In *Watkins*, the petitioners, twelve persons then in prison for violating the terms of their PRC, claimed they were entitled to a writ of habeas corpus because "they [had] failed to receive adequate notice of postrelease control and their sentencing entries

failed to incorporate adequate notice of postrelease control into their sentences." *Watkins* at ¶ 27. The Court, finding that habeas corpus relief would not be afforded, ultimately stated: "The petitioners' sentencing entries, although they mistakenly included wording that suggested that imposition of postrelease control was discretionary, contained sufficient language to authorize the Adult Parole Authority to exercise postrelease control over the petitioners." *Watkins* at ¶ 53.

**{¶37}** However, "*Watkins* and its progeny were writ cases that were decided on the ground that the petitioners had an adequate remedy at law." *State v. Smith*, 1st Dist. Hamilton No. C-120163, 2012-Ohio-5965, ¶ 17. The subsequent development of case law on PRC notification issues by the Ohio Supreme Court has "put to rest any question concerning the applicability of *Watkins* and its progeny to non-writ cases." *See Smith* at ¶ 20. We therefore presently find no basis to deviate from our precedent in *Patterson* and *Green*, *supra*.

**{¶38}** Certainly, we have previously rejected the proposition that the window of opportunity provided by the *Simpkins/Fischer/Billiter* line of holdings "* * * was intended to continue *ad infinitum* via repetitive post-conviction challenges to [a defendant's] sentence." *State v. Black*, 5th Dist. Richland No. 16 CA 4, 2016–Ohio–5612, ¶ 15. Indeed, as indicated in our recitation of the procedural history of this case, appellee did unsuccessfully challenge his original 2001 sentence in 2005 under United States Supreme Court's decisions of *Blakely* and *Booker*. He also raised a challenge in 2006, citing the Ohio Supreme Court's *Foster* decision. Finally, he challenged his fines and costs via a motion to "reconsider" in 2012. However, the "up to" language at issue in this matter resulted from what appears to be a *sua sponte* resentencing in 2008 for purposes

of correcting the lack of any PRC notification in the 2001 sentence. Appellee not did not initiate the 2008 resentencing, and indeed fought it via a memorandum contra. As such, we are unpersuaded that *res judicata* must apply against his 2018 motion to vacate PRC.

**{¶39}** Appellant's Second Assignment of Error is therefore overruled.

III.

**{¶40}** In its Third Assignment of Error, the State of Ohio contends the trial court erred when it vacated the post-release control portion of appellee's sentence, maintaining that he has improperly benefitted from delaying his challenge until after he was released from prison. We disagree.

**{¶41}** As an initial matter, we reiterate that appellee was resentenced in 2008.

**{¶42}** R.C. 2929.19(B)(2)(c) states as follows, in pertinent part: "*** If a court imposes a sentence including a prison term of a type described in division (B)(2)(c) of this section *on or after July 11, 2006*, the failure of a court to notify the offender pursuant to division (B)(2)(c) of this section that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison or to include in the judgment of conviction entered on the journal a statement to that effect does not negate, limit, or otherwise affect the mandatory period of supervision that is required for the offender under division (B) of section 2967.28 of the Revised Code. ***." (Emphasis added.)

**{¶43}** In addition, R.C. 2929.191(C) states, in pertinent part: "On and after July 11, 2006, a court that wishes to prepare and issue a correction to a judgment of conviction of a type described in division (A)(1) or (B)(1) of this section shall not issue

the correction until after the court has conducted a hearing in accordance with this division. ***."

**{¶44}** Thus, "[s]ince there is a statutory remedy for sentences imposed after July 11, 2006, any improper postrelease control portions of these sentences are not void." *State v. Zechar*, 7th Dist. Mahoning No. 17 MA 0111, 2018-Ohio-3731, ¶ 9 (additional citations omitted). But we must also recognize that Am.Sub.H.B. No. 137 amended R.C. 2967.28(B) to provide that, for any sentence imposed on or after July 11, 2006, a trial court's failure to inform an offender of mandatory post-release control does not negate or otherwise affect the imposition of it. *State v. Bond,* 1st Dist. Hamilton No. C-060611, 2007-Ohio-4194, ¶ 7. Ultimately, however, when a judge has failed to impose statutorily mandated post-release control after July 11, 2006, the sentence is subject to the correction procedure outlined in R.C. 2929.191 when an offender has *not yet been released from prison. See State v. Peace*, 11th Dist. Portage No. 2017-P-0037, 2018-Ohio-3742, ¶ 34, citing *State v. Hall,* 11th Dist. Ashtabula No. 2016-A-0069, 2017-Ohio-4376, 93 N.E.3d 35, ¶ 11 (emphasis added).

**{¶45}** The gist of the State's argument in the case *sub judice* is that appellee, in foregoing a PRC-based challenge to his 2008 resentencing for nearly ten years (and after his release from prison for the sentence in the present case), was "motivated by self-serving bad faith to avoid postrelease control." Brief of Appellant State of Ohio at 11.

**{¶46}** "Bad faith" has been defined as a "dishonest purpose, moral obliquity, conscious wrongdoing, breach of a known duty through some ulterior motive or ill will partaking of the nature of fraud." *Zieber v. Heffelfinger,* 5th Dist. Richland No. 08CA0042, 2009–Ohio–1227, ¶ 49, quoting *Jackson v. Butler Cty. Bd. of Cty. Commrs.* (1991), 76

Ohio App.3d 448, 454, 602 N.E.2d 363, 367 (additional citations and internal quotations omitted).

**{¶47}** Notwithstanding that appellee spent more than a year on PRC after his December 2016 prison release before filing his motion to vacate, the State's position would force us to speculate *dehors* the record as to the basis of appellee's delay, which might conceivably include a lack of resources and of sophistication in this area of sentencing law. In any event, "[a]ppellate review is limited to considering errors revealed in the record." *Village of Somerset v. Shaner*, 5th Dist. Perry No. CA-349, 1986 WL 5513. Ultimately, even if the State could herein factually demonstrate some sort of bad faith gamesmanship by appellee, the State provides inadequate legal support for the theory that this would justify further enforcement of a statutorily incorrect PRC sanction, which, although not necessarily void, can no longer be remedied by the trial court in accordance with R.C. 2929.191 due to appellee's release from prison on the underlying offenses. *See Peace*, *supra.*

**{¶48}** The State's Third Assignment of Error is therefore overruled.

**{¶49}** For the reasons stated in the foregoing, the decision of the Court of Common Pleas, Fairfield County, is hereby affirmed.


By: Wise, John, P. J.

Hoffman, J., and

Wise, Earle, J., concur.



JWW/d 1031